**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Carolyn A. Pearson, OSB #151358**
cpearson@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Legacy Emanuel Hospital & Health Center,
James Coughlin MD and Sunshine Crone

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| RACHEL SAWYER and DUSTIN ARNOLD,<br><br>      Plaintiffs,<br><br>    v.<br><br>LEGACY EMANUEL HOSPITAL & HEALTH CENTER; OREGON DEPARTMENT OF HUMAN SERVICES CHILD WELFARE, JAMES COUGHLIN M.D., SUNSHINE CRONE, CAROLINA CABARELLO,<br><br>      Defendants. | Case No. 3:18-cv-02128 SB<br><br>**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>By Legacy Emanuel Hospital & Health Center, James Coughlin MD and Sunshine Crone<br><br>REQUEST FOR ORAL ARGUMENT |

### LR7-1 Certification

Counsel certifies that she made a good faith effort to confer with counsel for plaintiffs by earlier discussion, by telephone and by correspondence before filing this motion, but the parties were unable to resolve the issues addressed in this motion.

### INTRODUCTION

Plaintiffs have filed a complaint alleging their newborn baby was taken away by

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT -** Page 1

Doc No. 1292407

**KEATING JONES HUGHES P.C.**
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

defendant Oregon Department of Human Services Child Welfare ("DHS") for six days after a report was made by defendant Legacy Emanuel Hospital & Health Center ("Legacy Emanuel"). Plaintiffs have alleged multiple causes of action for an alleged violation of their civil rights, based on both Federal and State law, but these claims fail because the moving defendants are private individuals and entities rather than state actors. Defendants Legacy Emanuel, Dr. James Coughlin and Sunshine Crone (collectively, the "Legacy Defendants") seek dismissal of all claims against them.

## ALLEGATIONS

Plaintiffs allege that after giving birth to baby I.S. at Legacy Emanuel, pediatrician Dr. Coughlin advised that if plaintiffs did not agree to a blood test of I.S., he would call social services. (Compl., ¶ 26.) Shortly thereafter, DHS took custody of baby I.S. (Compl., ¶ 27.) A court continued the temporary placement of I.S. in foster care after an initial hearing, and six days later, plaintiff Rachel Sawyer regained physical but not legal custody of I.S. (Compl., ¶ 34.) Full custody was eventually returned a few months later. (Compl., ¶ 35.) Based upon these allegations, plaintiffs assert a claim for deprivation of their civil rights in violation of 42 USC § 1983 and in violation of ORS 419B.090(4). Each of plaintiffs' three claims fails to state a claim against the Legacy Defendants.

## ARGUMENT

Each of the three claims brought by plaintiffs requires state action and is not properly asserted against a privately owned non-profit hospital corporation and two private individuals. Therefore, each of plaintiffs' claims against the Legacy Defendants should be dismissed.

### I.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also* FED. R. CIV. P. 12(b)(6).

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT -** Page 2

Doc No. 1292407

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

The allegations in the operative complaint must give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *Twombly,* 550 U.S. at 555 n. 3; FED. R. CIV. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief." ' " *Id.* (quoting *Twombly*, 550 U.S. 544 at 556–557 (internal citations omitted)).

The tenet that the court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

## II. The First and Second Claims for Deprivation of Civil Rights in Violation of 42 USC §1983 Fail Because the Legacy Defendants Are Not State Actors or Acting Under Color of Law.

Plaintiffs' first two causes of action are both alleged violations of 42 USC §1983 (hereinafter "§1983"). Plaintiffs fail to state a §1983 claim because they cannot demonstrate that these defendants acted under color of law. A defendant cannot be liable under §1983 unless they are a state actor, or a private individual acting under color of law. *Sutton v. Providence St.* 192 F.3d. 826 (9th Cir 1999). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941).

The question of whether a private party acted under color of law rests on the presumption that the private party's conduct was not government conduct. *Sutton v. Providence St, supra,* 192 F3d at 835. A private individual is not acting under color of law when the alleged infringement is not fairly attributable to the government. *Kirtley v. Rainey,* 326 F.3d. 1088, 1092 (9th Cir 2003). There is nothing alleged to show any of the Legacy Defendants were clothed with

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT -** Page 3

Doc No. 1292407

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

such authority. Rather, the Complaint makes it clear that while the Legacy Defendants made a report to DHS addressing their concerns related to baby I.S., they did not deprive the plaintiffs of custody of I.S. Rather, DHS, acting through its employee, Carolina Cabarello, was the one who took custody of baby I.S. Plaintiffs have failed to adequately allege the elements of a §1983 claim against these defendants.

Plaintiffs make no allegations at all to suggest that either Ms. Crone or Dr. Coughlin were anything other than private individuals. Rather, plaintiffs admit they were both simply employees of Legacy Emanuel and acting within the course and scope of that employment. (Compl., ¶¶ 4, 5.) Similarly, plaintiffs admit Legacy Emanuel is a non-profit public benefit corporation, rather than a state actor. (Compl., ¶ 3.) Plaintiffs also allege that Legacy Emanuel receives federal funds. (*Id*.) Neither allegation amounts to Legacy Emanuel either being a state actor or acting under color of law. Further, nothing else is alleged to even suggest that any of the Legacy Defendants were acting under color of law.

Courts analyzing the issue of whether a private physician and hospital can be liable under §1983 find that generally private medical providers are not acting "under color of state law" for purposes of §1983. *Briley v. State of California*, 564 F.2d. 849, 855-56 (9th Cir. 1977) (private hospital and physicians, alleged to have committed professional malpractice in a surgical procedure, did not come within the color of law requirement), *Watkins v. Mercy Medical Center*, 520 F.2d. 894, 896 (9th Cir. 1975) (state involvement with a private entity must be significant for §1983 liability; hospital's receipt of public funds insufficient); *Ascherman v. Presbyterian Hosp. of Pacific Medical Center, Inc.*, 507 F.2d. 1103, 1104-05 (9th Cir. 1974) (same); *Taylor v. St. Vincent's Hospital*, 523 F.2d. 75, 78 (9th Cir. 1975), *cert. denied*, 424 U.S. 948, 96 S. Ct. 1420, (1976) (neither the contention that the hospital had the only maternity department in the city nor the fact that the hospital provided an essential public service brought its activities under color of state law); *White v. St. Joseph's Hosp.*, 369 Fed. App'x. 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as ... hospitals ... are generally not proper §1983 defendants because they

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT -** Page 4

Doc No. 1292407

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

do not act under color of state law."); *Sockwell v. Bernstein*, No. 07–CV–00866, 2007 WL 879582 at *2 (E.D.N.Y Mar. 21, 2007) (holding that a private hospital cannot be sued under §1983 or Bivens). The §1983 claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state facts sufficient to constitute a claim.

    **III.    The Third Claim for Deprivation of Civil Rights in Violation of ORS 419B.090(4) Fails Because the Legacy Defendants Are Not State Actors.**

Plaintiffs also assert a claim for violation of ORS 419B.090(4). That statute provides, in pertinent part:

> [i]t is the policy of the State of Oregon to guard the liberty interest of parents protected by the Fourteenth Amendment to the United States Constitution and to protect the rights and interests of children, as provided in subsection (2) of this section. The provisions of this chapter shall be construed and applied in compliance with federal constitutional limitations on **state action** established by the United States Supreme Court with respect to interference with the rights of parents to direct the upbringing of their children.

(emphasis added). Because the statute by its own terms requires it to be interpreted consistently with the Fourteenth Amendment on **state action**, ORS 419B.090(4) also requires a state actor in order to state a claim. For the reasons discussed above with respect to plaintiffs' Federal claims, the Legacy Defendants are not state actors and cannot be liable for any alleged violation of ORS 419B.090(4).

## CONCLUSION

Based on the arguments and authorities set forth above and incorporated herein, the Legacy Defendants ask the Court for an order dismissing all claims against them. All of plaintiffs' claims fail to state a claim upon which relief may be granted.

DATED this 19th day of December, 2018.

                              KEATING JONES HUGHES, P.C.

                              s/ Carolyn A. Pearson
                              Carolyn A. Pearson, OSB No. 151358
                              503-222-9955
                              Attorneys for Legacy Emanuel Hospital & Health Center, James Coughlin MD and Sunshine Crone

**MOTION TO DISMISS PLAINTIFFS' COMPLAINT -** Page 5

Doc No. 1292407

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MOTION TO DISMISS PLAINTIFFS' COMPLAINT** on the following:

Robert M. Snee
PO Box 16866
Portland, OR 97292
Phone: (503) 294-0411
Email: bsnee@integra.net
Of Attorneys for Plaintiffs

Tracy I. White
Department of Justice
1162 Court Street NE
Salem OR 97301-4096
Phone: 1(503) 947-4700
Fax: 1(503) 947-4791
Email: Tracy.I.White@doj.state.or.us
Of Attorneys for Oregon Department of Human Services Child Welfare

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 19th day of December, 2018.

KEATING JONES HUGHES, P.C.

s/ Carolyn A. Pearson
Carolyn A. Pearson, OSB No. 151358
cpearson@keatingjones.com, FAX 503-796-0699
Of Attorneys for Legacy Emanuel Hospital & Health Center, James Coughlin MD and Sunshine Crone

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE -** Page 6

Doc No. 1292407

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955