**Robert M. Snee,   OSB #853349**
bsnee@integra.net
Law Office of Robert M. Snee
P.O. Box 16866
Portland, Oregon 97292
(503) 294-0411
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| RACHEL SAWYER and DUSTIN ARNOLD, | Case No. 3:18-cv-02128 SB |
| Plaintiffs, | |
| v. | |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER; OREGON DEPARTMENT OF HUMAN SERVICES CHILD WELFARE, JAMES COUGHLIN M.D., SUNSHINE CRONE, CAROLINA CABARELLO, | PLAINTIFFS' RESPONSE TO LEGACY DEFENDANTS' MOTION TO DISMISS |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO LEGACY DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

Defendants Legacy Emanuel Hospital & Health Center, James Coughlin, MD, and Sunshine Crone, have filed a motion to dismiss Plaintiffs' Complaint, arguing that Plaintiffs have failed to state claims upon which relief may be granted. Their motion should be denied, since

Plaintiffs' complaint sets out clear factually-based claims against the Defendants for violation of their constitutional rights.

## ALLEGATIONS

Plaintiffs generally agree with the allegations presented by Defendants. However, there are several pertinent allegations that were not included in the defendants' presentation.

The Complaint additionally states that defendant Crone initially "determined that other than the need for a car seat, it would be safe to discharge the baby into the parent's care and custody." (Compl. ¶23) "Defendant …Coughlin, …. began interrogating them why they did not allow an ultrasound and demanding Rachel immediately submit to a blood test, despite state law allowing the test be performed at late as 10 days after birth."  (Compl. ¶24)  "Dr. Coughlin continued to question, belittle, and harass Rachel and Dustin about their decision not to vaccinate the child." (Compl. ¶25) "He advised Rachel that he was giving her another chance to submit to the blood test and if she did not, he would be calling social services." (Compl. ¶26) "Rachel Sawyer advised Dr. Coughlin that she was tired, still hungry, and asked if they could revisit the question of the blood test the following day." (Compl. ¶27)  "Approximately 20 minutes later, 5 armed security officers entered the room with defendant Carolina Caballero and took custody of baby I.S. without informing the plaintiffs why, and trespassed Plaintiff Dustin Arnold from the hospital, not allowing him to return." (Compl. ¶28)  "Once the baby was taken out of the room, Defendant Carolina Caballero instructed the hospital staff to proceed with "regular treatment," and the baby was administered the Vitamin K shot, eye ointment, a hepatitis B vaccine, and immunoglobulin." (Compl. ¶29)  "Upon information and belief, Dr Coughlin requested the social worker to contact Oregon DHS to take emergency custody of I.S. without prior judicial authorization." (Compl., ¶36) "While separated from her parents, I.S. received medical testing

and procedures from Defendant Legacy Emanuel Hospital that neither parent consented to. (Compl., ¶38) "Upon information and belief, by calling the social worker to investigate without emergency medical justification, the hospital defendants set in motion a course of action which they knew or reasonably should have known would result in the violation of the plaintiffs' constitutional rights." (Compl., ¶40) "Upon information and belief, by cooperating with the social worker in removing I.S. from her parents' custody without emergency medical justification, the hospital defendants were joint participants with the social worker in violating the plaintiffs' constitutional rights." (Compl., ¶41)

## ARGUMENT

### I.  Plaintiffs' Allegations Meet the Legal Standard for Pleading.

Plaintiffs' allegations regarding the constitutional violations committed by the Legacy Defendants are legally sufficient to defeat a motion to dismiss.

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993). When considering a defendant's motion to dismiss under FRCP 12(b)(6), it is vital that the Court "accept as true and view in a light most favorable to the plaintiff all allegations made in the complaint." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989). Under Fed. R. Civ. P. 8(a), a pleading that states a claim for relief must contain a short and plain statement of jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Motions to dismiss are judged on the sufficiency of pleading, not on any premature evaluation of evidentiary proof. Applying the correct legal standard to this case, the Plaintiffs' complaint may only be dismissed if it fails to allege facts which, assumed at this stage to be true, "raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "do

not permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) . Plaintiffs' claims meet the standards required by federal pleading, and they should not be dismissed.

Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Iqbal, 556 U.S. 662). Plaintiffs have successfully alleged sufficient facts to show that their claims against the Legacy Defendants are plausible.

## II. Plaintiffs Have Alleged Sufficient Facts to Demonstrate that Legacy Defendants are State Actors.

Federal jurisprudence has set out several approaches for determining whether private defendants are state actors and thus liable for their actions in a Section 1983 lawsuit. The tests have included the exclusive government function approach (e.g., Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978)), the nexus approach (e.g., Jackson v. Metropolitan Edison Co, 419 U.S. 345, 351 (1974)), and the joint participation or symbiotic relationship approach (e.g., United States v. Price, 383 U.S. 787, 794 (1966) ("Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [§ 1983].")) ("Private persons, jointly engaged with state officials in the prohibited action, are acting `under color' of law for purposes of the statute. To act `under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.") Fonda v. Gray, 707 F.2d 435, 437 (9th Cir. 1983) ("A private party may be considered to have acted under color of state law when it engages in a conspiracy or acts in concert with state agents to deprive one's constitutional rights."). "Typically, the nexus consists of some

willful participation in a joint activity by the private entity and the government." Sutton, Jr. v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 843 (9th Cir., 1999)

In this case, Plaintiffs have alleged that the Legacy Defendants jointly and willfully participated with Defendant Caballero in violating the plaintiffs' constitutional rights. Plaintiffs allege that the Legacy Defendants contacted Oregon DHS with the intent "to take emergency custody of I.S." thereby creating the situation whereby "I.S. received medical testing and procedures from Defendant Legacy Emanuel Hospital that neither parent consented to," upon the instruction of Defendant Caballero.

It is Plaintiffs' contention that the Legacy Defendants' "report" to Oregon DHS was not about any statutorily defined child abuse, or imminent risk to the child's health or safety caused by Plaintiffs, but was made out of frustration that plaintiffs' would not do what they wanted in a timely fashion. Being "uncooperative" is not justification for calling in DHS.

All of these allegations show joint and willful participation with Defendant Caballero, who is unquestionably a state actor.

### III.     Plaintiffs Have Alleged Sufficient Facts to Demonstrate That Legacy Defendants Violated Their Fourteenth Amendment Rights in Violation of ORS 419B.0090(4)

For the reasons argued above, Defendants' claim that Plaintiffs failed to allege state action is incorrect.

The U.S. Supreme Court has repeatedly affirmed that the "rights of parents to make decisions concerning the care, custody, and control of their children" are "fundamental." Troxel v. Granville, 530 U.S. 57, 66 (2000).

As argued above, Plaintiffs allege that the Legacy Defendants involved Oregon DHS for an improper purpose. The call to DHS was not designed to be an actual report of child abuse or

neglect, but instead was for the purpose and intent "to take emergency custody of I.S." thereby creating the situation whereby "I.S. received medical testing and procedures from Defendant Legacy Emanuel Hospital that neither parent consented to," upon the instruction of Defendant Caballero, even though one of the Legacy Defendants, Crone, had already determined that it would be safe to discharge the baby into the parent's care and custody.  There was no constitutional justification for calling DHS, and it was a violation of procedural due process for the Legacy Defendants to do so and thereafter substitute their decision making authority for the parents concerning the care, custody and control of their child, all without prior judicial approval.

## CONCLUSION

Parents have a right to decline nonemergency treatment and vaccines for their child and if they want time to decide on nonemergency medical treatment being proposed for themselves, have a right to ask questions and seek additional time to consider the proposed treatment. They should not be treated as child abusers and reported to the state authorities. When doctors refuse to answer legitimate questions and pressure parents to submit to nonemergency procedures, and instead call in DHS in non-emergency circumstances to coerce cooperation and substitute the parents decisions, they should be held accountable. The Legacy Defendants' Motion to Dismiss should be denied.

DATED January 4, 2019.

      /Robert M. Snee
Robert M. Snee, OSB #853349
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFFS' REPLY TO MOTION TO DISMISS

on the following:

Carolyn A. Pearson
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Email: cpearson@keatingjones.com
Of Attorneys for Legacy Emanuel Hospital & Health Center,
James Coughlin MD and Sunshine Crone

Tracy I. White
Department of Justice
1162 Court Street NE
Salem OR 97301-4096
Phone: 1(503) 947-4700
Fax: 1(503) 947-4791
Email: Tracy.I.White@doj.state.or.us
Of Attorneys for Oregon Department of Human Services Child Welfare

by electronically mailed notice from the court to above said attorneys on said day.

DATED January 4, 2019.

                                              /Robert M. Snee
                                              Robert M. Snee, OSB #853349
                                              Attorney for Plaintiffs