**Scott G. O'Donnell, OSB #933849**
sodonnell@keatingjones.com
**Carolyn A. Pearson, OSB #151358**
cpearson@keatingjones.com
Keating Jones Hughes PC
200 SW Market St., Suite 900
Portland, OR 97201-5730
Phone: (503) 222-9955
Fax: (503) 796-0699
Of Attorneys for Legacy Emanuel Hospital & Health Center, James Coughlin MD and Sunshine
Crone

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

|  |  |
|---|---|
| RACHEL SAWYER and DUSTIN ARNOLD, | Case No. 3:18-cv-02128 SB |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | By Legacy Emanuel Hospital & Health Center, James Coughlin MD and Sunshine Crone |
| LEGACY EMANUEL HOSPITAL & HEALTH CENTER; OREGON DEPARTMENT OF HUMAN SERVICES CHILD WELFARE, JAMES COUGHLIN M.D., SUNSHINE CRONE, CAROLINA CABARELLO, |  |
| Defendants. |  |

Legacy Emanuel Hospital & Health Center, Dr. Coughlin, and Sunshine Crone (the

Legacy Defendants) submit the following Reply in Support of their Motion to Dismiss the

Complaint filed by plaintiffs Rachel Sawyer and Dustin Arnold.

### REPLY

In their response to the Legacy Defendants' Motion to Dismiss, plaintiffs seemingly

argue that the Legacy Defendants, though admittedly private individuals and entities, may be

**REPLY -** Page 1

considered to have been acting under color of state law for the purposes of Section 1983 and the Fourteenth Amendment apparently because of joint action with DHS and Ms. Caballero.  Even if one accepts every allegation of the Complaint as true and interprets it in the light most favorable to plaintiffs, the allegations against the Legacy Defendants do not amount to state action or joint action with the state to bring a Section 1983 claim against a private individual.

I.    **The First And Second Claims For Violation of Section 1983 Are Barred Against The Legacy Defendants**.

In support of their argument that the first and second claims for violation of Section 1983 are properly stated against the Legacy Defendants, plaintiffs cite five cases that discuss the circumstances under which an otherwise private individual may be considered to have acted "under color of law" such that a Section 1983 claim could proceed against them.  In reality, the cases cited by plaintiffs illustrate how rarely Section 1983 claims may be stated against private individuals.  In all but one of the cases, the Courts dismissed the Section 1983 claims against private individuals.  Only *United States v. Price*, 383 U.S. 787 (1966) found that private individuals could be considered as having acted under color of law where they were involved in a conspiracy with Mississippi sheriffs and police officers to deprive three men of their Constitutional rights by assaulting and killing them.   There, a county deputy sheriff was alleged to have been involved in each aspect of the crime—from the detention of the victims to their killing.  Nothing pled in the instant pleading suggests that the Legacy Defendants and DHS conspired about anything.

Here, the Legacy Defendants made a report to DHS addressing certain concerns Dr. Coughlin had about the care of baby I.S. after warning plaintiffs that Dr. Coughlin would call DHS if they did not agree to a blood test.  Complaint, ¶¶ 24, 26.  Making a report of potential medical neglect is something physicians and social workers are required to do in Oregon.  See, ORS 419.005.  Thereafter, DHS, acting through its employee, Ms. Caballero, took custody of baby I.S. and consented to routine medical treatment of a newborn.  Complaint, ¶¶ 28- 29.  The next day, a court hearing was set regarding the custody of baby I.S., and the protective custody

of I.S. was continued by the Court.  Complaint, ¶¶ 31-31.  Within the week, physical custody of baby I.S. was returned to Ms. Sawyer, and eventually full custody of baby I.S. was returned. Complaint, ¶¶ 34-35.  This factual situation is more similar to the remaining cases cited by plaintiffs that dismissed the private parties from Section 1983 actions.

In *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983), permitting the FBI to view the plaintiff's bank records at their request was insufficient to be considered a conspiracy between the bank and the FBI to deprive Ms. Fonda of her civil rights.  Similarly, in *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826 (9th Cir. 1999), where a private employer rescinded a job offer when the potential employee refused to provide a social security number the employer was required to collect by law, more was required to show joint action between the private employer and the government.  Similarly, here, the Legacy Defendants made a report to DHS pursuant to their obligations under ORS 419.005.

The District of Oregon has dismissed Section 1983 claims against Legacy Health where a parent alleged that he was deprived of custody of his daughter temporarily during an investigation of potential child abuse because it and its employees are not state actors.  *Nielson v. Legacy Health Systems*, 230 F.Supp.2d 1206, 1209 (D. Or. 2001).  In dismissing that plaintiff's remaining claims, the Court in *Nielson* noted that the Constitutional right of family integrity does not include a Constitutional right to be free from an investigation of child abuse.  *Id* at 1210 (quoting *Devereaux v. Perez*, 218 F.3d 1045, 1053 (9th Cir. 2000)).

## II.    The Third Claim for Violation of ORS 419B.090(4) Is Also Barred Against The Legacy Defendants.

As mentioned in the Legacy Defendants' motion, ORS 419B.090(4), by its own terms, provides that it must be construed to be consistent with the federal constitutional limitations on **state action**.  To the extent there could be a claim brought under ORS 419B.090, by its own terms, that statute does not provide limitations on private action.  For the reasons discussed in the Legacy Defendants' motion and discussed above, plaintiffs have failed to plead anything in their Complaint or their response to the Legacy Defendants' motion to suggest that the Legacy

REPLY - Page 3

Doc No. 1303818

Defendants were anything other than private actors.

DATED this 17th day of January, 2019.

KEATING JONES HUGHES, P.C.

s/ Carolyn A. Pearson
Carolyn A. Pearson, OSB No. 151358
503-222-9955
Attorneys for Legacy Emanuel Hospital & Health Center,
James Coughlin MD and Sunshine Crone

REPLY - Page 4
Doc No. 1303818

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** on the following:

Robert M. Snee
PO Box 16866
Portland, OR 97292
Phone: (503) 294-0411
Email: bsnee@integra.net
Of Attorneys for Plaintiffs

Tracy I. White
Department of Justice
1162 Court Street NE
Salem OR 97301-4096
Phone: 1(503) 947-4700
Fax: 1(503) 947-4791
Email: Tracy.I.White@doj.state.or.us
Of Attorneys for Oregon Department of Human Services Child Welfare

by electronically mailed notice from the court to above said attorneys on said day.

DATED this 17th day of January, 2019.

KEATING JONES HUGHES, P.C.


s/ Carolyn A. Pearson
Carolyn A. Pearson, OSB No. 151358
cpearson@keatingjones.com, FAX 503-796-0699
Of Attorneys for Legacy Emanuel Hospital & Health
Center, James Coughlin MD and Sunshine Crone

Trial Attorney: Scott G. O'Donnell, OSB No. 933849

**CERTIFICATE OF SERVICE** - Page 5

KEATING JONES HUGHES P.C.
200 SW Market St., Suite 900
Portland, Oregon 97201-5730
(503) 222-9955